**Mamadou Saidou DIALLO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4131–ag.**

United States Court of Appeals, Second Circuit.

Aug. 20, 2008.

Matthew J. Harris, of counsel to Eric A. Wuestman, Brooklyn, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, Attorney, Office of Immigration Litigation,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mamadou Saidou Diallo, a native and citizen of Guinea, seeks review of an August 27, 2007 order of the BIA affirming the December 19, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying Diallo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Saidou Diallo,* No. A98 646 099 (B.I.A. Aug. 27, 2007), *aff'g* No. A98 646 099 (Immig. Ct. N.Y. City Dec. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

We conclude that the agency's adverse credibility determination was supported by substantial evidence. The BIA conceded that "most of the discrepancies identified by the [IJ] are minor or do not go to the heart of [Diallo's] claim." *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000) (characterizing as minor and isolated an applicant's inconsistencies over his place of birth and residence, the date of his arrest, and the amount of time he spent in prison and in a refugee camp). Such discrepancies included Diallo's inconsistent testimony regarding when he started living with his uncle and when he was released from detention. Nonetheless, because these inconsistencies are supported by the record, the IJ did not err by relying on them in conducting a cumulative analysis of Diallo's credibility. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 107 (2d Cir.2006) (finding that the agency "need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.").

In addition, the BIA agreed with the IJ that "the record contains a fairly significant discrepancy concerning what happened on March 23, 1998, before [Diallo] was allegedly arrested." Specifically, the IJ found that Diallo testified inconsistently regarding where he was arrested. The record shows that while Diallo stated in his asylum application that on March 23, 1998, soldiers bearing weapons broke into his

**400**

uncle's home, demanded that his family leave, and arrested him and his uncle when they refused to do so, Diallo repeatedly testified that they were arrested outside his uncle's home after leaving the premises. When asked to explain this inconsistency, Diallo's answer was largely unresponsive. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Thus, the agency did not err by relying on this inconsistency to support its adverse credibility finding where his March 1998 arrest and detention are central to his claim of past persecution. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003)

Particular deference is given to such assessments of an applicant's demeanor. *See Majidi,* 430 F.3d at 81 n. 1. Having called Diallo's testimony into question, the IJ also properly found that his failure to provide corroborative evidence, such as affidavits or letters from family, friends, or UFR members confirming his past persecution, rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen,* 471 F.3d at 341.

We have held that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen,* 454 F.3d at 106–07. Here, because the agency conducted a proper cumulative analysis, we find no reason to disturb its adverse credibility determination.

Because the only evidence of a threat to Diallo's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.